UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                             Criminal No. 18-CR-20063

vs.                                                                  HON. BERNARD A. FRIEDMAN

DHIA SHAKIR KALASHO,

    Defendant.

_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2241 TO THE NORTHERN DISTRICT OF WEST VIRGINIA**

This matter is presently before the Court on defendant's motion for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 93). The government has not responded and the time for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

In 2019, defendant pled guilty, pursuant to a Rule 11 plea agreement, to one count of conspiracy to distribute more than 28 grams of crack cocaine. He was sentenced to 60 months' imprisonment to be followed by a four-year term of supervised release. *See* Def.'s Mot. at 3. Defendant is currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. *See id*. at 7.

In the instant motion, defendant argues that the Bureau of Prisons ("BOP") miscalculated his sentence credit, finding that he started his federal sentence on May 27, 2020, rather than May 18, 2018. *See id*. at 9. Defendant alleges that the sentence credit miscalculation was caused by confusion surrounding two state convictions against defendant ("State Cases 1 and 2"). *See id.* at 8. Defendant contends that he posted bond on State Case 1 on November 13, 2017, *see id*. at 4, and that State Case 2 was resolved (and his sentence thereunder ended) on May 18, 2018. *See id*. at 8. Defendant argues that he was primarily under custody on his federal charge as of May 18, 2018. *See id*. The BOP, however, has calculated defendant's federal sentence as starting on the date that defendant was paroled on State Case 1, May 27, 2020, rather than the date on which primary

custody for the state cases ended, May 18, 2018. *See id*. Defendant adds that, prior to bringing the instant motion, he exhausted all relevant administrative remedies in accordance with 18 U.S.C. § 3585(b). *See id*. at 9-11.

The Sixth Circuit has stated that "[a]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). However, "this Court has no jurisdiction to adjudicate [defendant's] claim. A federal prisoner challenging the manner in which his sentence is being executed must file a § 2241 habeas petition in the district with jurisdiction over his custodian." *Jones v. United States*, No. 15-CR-20438, 2019 WL 2743713, at *2 (E.D. Mich. June 28, 2019) (citing *Robinson v. Morrison*, 27 F. App'x 557, 557 (6th Cir. 2001) (explaining that the district judge deciding a § 2241 motion must have jurisdiction over the warden of the federal prison in which defendant is incarcerated)). Because defendant is confined in a federal prison located in the Northern District of West Virginia, this Court will transfer his motion to that district. *See Jones*, 2019 WL 2743713, at *4. Accordingly,

IT IS ORDERED that defendant's motion under 28 U.S.C. § 2241, regarding the proper calculation of time served in federal custody, is hereby transferred to the Northern District of West Virginia. The clerk is directed to open this matter as a civil habeas case with the amended motion for correction of sentence credit (ECF No. 93) as the initiating document.

                                                s/Bernard A. Friedman
                                              BERNARD A. FRIEDMAN
Dated: October 26, 2021             SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan